**BOARD OF PUBLICATION OF THE METHODIST CHURCH d/b/a Methodist Publishing House, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14476.

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1962.

Donald D. Connors, Jr., San Francisco, Cal., and Reber Boult, Nashville, Tenn., for petitioner; Brobeck, Phleger & Harrison, San Francisco, Cal., Joseph C. Cummings, Davis, Boult, Hunt & Cummings, Nashville, Tenn., on the brief.

Richard Scupi, N.L.R.B., Washington, D. C., for respondent; Stuart Rothman, Dominick L. Manoli, Marcel Mallet-Prevost, Allison W. Brown, Jr., and Julius G. Getman, Washington, D. C., on the brief.

Leon Ardzrooni, Neyhart & Grodin, San Francisco, Cal., for Official and Professional Employees International Union, Local No. 3, AFL–CIO and others, amici curiae.

Before SIMONS, Senior Judge, and MARTIN and CECIL, Circuit Judges.

PER CURIAM.

The petitioner seeks review to set aside an order of the National Labor Relations Board, pursuant to Sec. 10(f) of the National Labor Relations Act, 29 U.S.C.A. § 160(f). The labor board seeks enforcement of its order to reinstate three discharged employees, namely, Paul, Butler, and Austin, and contends that they were discharged for the purpose of affecting an expected election consented to by their employer. The sole issue here presented is whether or not there was substantial evidence to support the order.

The petitioner has sixty-five employees at its retail store and distribution warehouse in San Francisco, California, where the incidents here set forth occurred. Certain employees decided that, if they could, they would like to organize a union and employee Butler, with two others, arranged an appointment with Owens, an AFL–CIO field representative. Owens gave them authorization cards to distribute to interested employees, although the distribution was covert. The Board found that the discharge of all three men was motivated by a desire to influence votes in its favor at the expected election.

There is no direct evidence that the petitioner was so motivated and the examiner relied upon "circumstantial evidence." The petitioner insisted that they were discharged for cause. In the case

of Paul, it relied upon an inadequate work record and, in the case of the other two, upon the molesting a young and sensitive female employee. The examiner recited that "the respondent could discharge Butler and Austin because of the complaint of White (the young woman employee) and could discharge Paul because of persistent tardiness and a disinterested work attitude. I find that it did not do so."

Examining the record, we find minor incidents of little persuasiveness in ascertaining petitioner's motive for discharging the three men. Much is made, however, of two circumstances, vigorously presented. The first contention involves a statement by Bain (the managing executive) made to Paul's immediate superior a day or two after his discharge, that Paul had been fired because of his unsatisfactory work record and "because of this other business." The examiner believed that the "other business" had reference to the union's organizing campaign. The petitioner denies that this remark had reference to the election and denies the assumption that, in a close vote, the discharges could defeat the organizing plans. The examiner rejected this argument and further rejected Bain's testimony that Butler and Austin were fired for cause, as they were not discharged until several weeks after their misconduct.

 The Board's findings of fact are binding upon an appellate court if supported by substantial evidence from the record but factual inferences to have the same conclusive effect must be drawn from undisputed basic facts. Here, the fact of motivation is vigorously disputed, the petitioner claiming that the short delay was due to his seeking counsel as to his right to effectuate the discharges.

The other contention is based upon the evidence of a fourth employee who testified that on the morning of February 29 while at work in his office adjacent to that of the store manager, he heard Bain, in a telephone conversation, mention the word "union." He perked up. This, he said, so alerted him that he stopped the machine he was operating and from a point on his side of a partition heard Bain tell someone that he had discharged three men who he thought were "mixed up with this union mess." Setting aside the impropriety of an employee spying upon his employer, we find that upon cross-examination he admitted the possibility of Bain's statement to be not that he had discharged the men because of union activity but that its meaning was that it was possible that Bain had said that it had been charged that he had laid them off. Thus, the Board relied upon speculation and surmise and not on established fact.

We find that there is not substantial evidence to support the examiner's conclusion of employer's interference with union activity and the Board's findings and order must be vacated and enforcement must be denied.